UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK CHARLESTON,
    Petitioner,

vs.                                            Case No.: 4:22cv209/MW/ZCB

RICKY D. DIXON,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Derrick Charleston has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Because it is apparent that the Court lacks jurisdiction to consider the habeas petition, this matter should be dismissed.

### I.    Background

On January 18, 2000, Petitioner was convicted of burglary of a structure and sentenced to 3 years of probation in Gadsden County Circuit Court Case Number 1999-CF-826. (Doc. 1 at 1, 5). On December 19, 2001, he was convicted of a violation of probation (VOP) and sentenced to a term of imprisonment. (*Id.*). On that date, Petitioner was also convicted of sexual battery in a different case, Gadsden County Case No. 2000-CF-128. (*Id.* at 1-2, 12). He was sentenced to life imprisonment on the sexual battery charge. (*Id.*). The state court ordered the

1

sexual battery and VOP sentences to run concurrently. (*Id.* at 1). In the current habeas case, Petitioner challenges the convictions and sentences in both cases. (*Id.* at 5-10).

Petitioner admits on the petition form that he previously filed a federal habeas petition challenging the same convictions, but he says he cannot recall any details. (Doc. 1 at 12). A search of this Court's cases reveals that Petitioner previously filed multiple § 2254 habeas petitions concerning the same convictions and sentences he challenges today. Here they are: *Charleston v. McNeil*, No. 4:07cv260/SPM/WCS (challenging judgment in 2000-CF-128); *Charleston v. Inch*, No. 4:19cv395/MW/EMT (challenging judgment in 1999-CF-826); and *Charleston v. State of Florida*, 4:20cv238/WS/MAF (challenging judgments in 1999-CF-826 and 2000-CF-128).

In the first case, the Court denied the petition on the merits in an order dated February 26, 2010. (4:07cv260-SPM/WCS (N.D. Fla. Feb. 26, 2010), Doc. 48). Petitioner voluntarily dismissed the 2019 case. (4:19cv395/MW/EMT (N.D. Fla. Nov. 14, 2019), Doc. 20). The Court dismissed the 2020 case for lack of jurisdiction on two grounds. First, to the extent that Petitioner challenged the judgment in Case No. 1999-CF-826, he failed to satisfy the "in custody" jurisdictional requirement of § 2254(a), because his 24-month sentence (imposed on

2

December 19, 2001) had expired. (4:20cv238/WS/MAF (N.D. Fla. Aug. 26, 2020), Docs. 12, 13). Second, to the extent Petitioner challenged the judgment in Case No. 2000-CF-128, it was a successive habeas petition that the Court lacked jurisdiction to hear absent authorization from the U.S. Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 2244(b)(3)(A). (*Id.*).

Upon learning of the above, the Court ordered Petitioner to show cause why this case should not be dismissed for lack of jurisdiction. (Doc. 10).[1] Petitioner has not responded to the show cause order.

## II.  Discussion

**A.  The Court does not have jurisdiction to consider a challenge to Petitioner's conviction(s) in Case No. 1999-CF-826**

Petitioner's habeas petition presents the question of whether the Court has jurisdiction to consider a challenge to Petitioner's burglary or VOP conviction in Case No. 1999-CF-826.

A federal district court has jurisdiction to consider a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a)

---

[1] "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (cleaned up).

(authorizing a federal court to entertain a habeas petition from a petitioner "in custody pursuant to the judgment of a State court"). To satisfy the "in custody" requirement, "the habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (cleaned up); *id*. at 491 ("We have never held ... that a habeas petitioner may be in custody under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (cleaned up).

Here, Petitioner's original sentence on the burglary charge in Case No. 1999-CF-826 terminated upon his VOP conviction on December 19, 2001. Petitioner's VOP sentence of 24 months has fully expired, as it was imposed on December 19, 2001, and ordered to run concurrently with the life sentence in Case No. 2000-CF-128. (4:20cv238/WS/MAF (N.D. Fla. July 13, 2020), Doc. 11 at 1). Petitioner may not bring a federal habeas petition directed solely at the conviction(s) in Case No. 1999-CF-826 (even if one or both of those convictions served to enhance his sentence in Case No. 2000-CF-128), because he is not "in custody" on the original conviction or the VOP conviction in Case No. 1999-CF-826.

That leaves the question of whether Petitioner may challenge the conviction(s) in 1999-CF-826 in an attack on the sexual battery conviction, assuming that the former conviction(s) served to enhance the sentence for the sexual battery in Case

4

No. 2000-CF-128. The Supreme Court addressed that question in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (citation omitted).[2]

Petitioner may not bring a federal habeas petition directed solely at the burglary or VOP conviction(s) in Case No. 1999-CF-826 because he is not "in custody" on the conviction(s) in that case. *Maleng*, 490 U.S. at 492-93. Nor may Petitioner challenge the burglary and/or VOP conviction(s) in an attack on the judgment in Case No. 2000-CF-128. *Coss*, 532 U.S. at 403-04. Accordingly, there is no jurisdictional basis for the Court to consider a constitutional challenge to the state court judgment in Case No. 1999-CF-826.

---

[2] The Court recognized two exceptions to this rule. First, the rule does not apply when a petitioner "can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Coss*, 532 U.S. at 404. Second, the rule does not apply when "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." *Id.* at 406.

**B.     The Court does not have jurisdiction to consider a challenge to Petitioner's conviction in Case No. 2000-CF-128**

Next is the question of whether the Court has jurisdiction to consider a challenge to the state court judgment in Case No. 2000-CF-128. As discussed above, that state court judgment was the subject of Petitioner's habeas petition in *Charleston v. McNeil*, No. 4:07cv260/SPM/WCS. (4:07cv260-SPM/WCS (N.D. Fla. June 5, 2008), Doc. 41). The Court denied the petition on the merits on February 26, 2010. (4:07cv260-SPM/WCS (N.D. Fla. Feb. 26, 2010), Doc. 48).

Before a second or successive habeas petition under § 2254 may be heard in a U.S. District Court, the petitioner must obtain authorization from the appropriate appellate court. 28 U.S.C. § 2244(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). Absent such appellate court authorization, a district court lacks jurisdiction to hear a second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain appellate court authorization); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002)

6

(same).

The current § 2254 petition is a successive petition seeking to challenge the state court judgment in Case No. 2000-CF-128. Petitioner has not shown that the U.S. Court of Appeals for the Eleventh Circuit has authorized his filing of the petition. In the absence of such authorization, this Court lacks jurisdiction to consider Petitioner's challenge to the state court judgment in Case No. 2000-CF-128.

### III. Conclusion

This case presents the same jurisdictional hurdles that Petitioner faced in his 2020 federal habeas case. Petitioner does not satisfy the "in custody" requirement of § 2254(a) with respect to the judgment(s) in Gadsden County Circuit Court Case No. 1999-CF-826. And his challenge to the judgment in Case No. 2000-CF-128 is a successive petition that has not been authorized by the Eleventh Circuit. The Court provided Petitioner notice of its intent to dismiss his petition on these jurisdictional grounds. Petitioner has not responded to that notice or otherwise shown that the Court has jurisdiction to consider this matter. The habeas petition, therefore, should be dismissed.[3]

---

[3] A certificate of appealability is not necessary to appeal a dismissal for lack of subject matter jurisdiction of a successive habeas petition, *see Osbourne v. Sec'y,*

7

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's habeas petition (Doc. 1) be **DISMISSED for lack of jurisdiction**.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 14th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

*Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020), or a petition filed by a petitioner who does not satisfy the "in custody" requirement, *see Stacy v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402-03 (11th Cir. 1988).